### JOHNSON v THAYER et

Ohio Appeals, 9th Dist, Summit Co

No 2605. Decided Feb 17, 1936

Ralph G. Thomas, Akron, and Slabaugh, Seiberling, Huber & Guinther, Akron, for plaintiff in error.

Walers, Andress, Wise, Roetzel & Maxon, Akron, for defendants in error.

## OPINION

By FUNK, PJ.

The principal questions at issue in this court are whether the judgment of the trial court is against the manifest weight of the evidence and contrary to law, the answers to which questions hinge largely, if not entirely, upon the right of plaintiff to take possession of said property at the time he did under the so-called "insecurity clause" in said chattel mortgage.

As to this so-called "insecurity clause" there are two lines of decisions by the courts of other states:

One to the effect that such a clause vests in the mortgagee an absolute discretion, and that his right to take the property does not depend upon his having reasonable grounds for deeming himself insecure, and that the mortgagor has no right to question the grounds upon which the mortgagee entertains such feeling of insecurity.

The other to the effect that the mortgagee, in determining that contingency, must act in good faith, based upon reasonable grounds, and that he must have probable cause to support his belief that it is necessary for him to take possession of the property for his more complete and perfect security.

2 Jones on Chattel Mortgages (6th ed. by Bowers), §§431, 431a, 431b.

23 L.R.A. 780, Robison v Gray (Note).

11 C. J., "Chattel Mortgages," §254, and citations thereunder.

In the case of Barrett v Hart, 42 Oh St 41, our Supreme Court, after discussing the two lines of cases, did not agree with either of said holdings, and held, in the last paragraph of the opinion, that 'The mortgagee should act in good faith, and his mind and judgment should be controlled by facts arising after the making of the mortgage, and in regard to the condition of the property mortgaged," but that such facts are not necessarily only such facts as he can show to a court are reasonable, and which holding is carried into the syllabus of the case.

In 11 C. J., "Chattel Mortgages," note 74 to §254 indicates that the Barrett case was impliedly overruled by the case of Francisco v Ryan, 54 Oh St 307, apparently be-

cause the Barrett case is nowhere referred to in the opinion or syllabus of the Francisco case, and because at page 320 of the opinion in the Francisco case the court seems to have adopted the theory that such clause vests an absolute discretion in the mortgagee, and quotes at length from Werner v Bergman, 28 Kans. 60, at p. 64, one of the leading decisions adopting that view.

However, it will be noted that in the Francisco case nothing is said in the syllabus on that question, that the controversy was not between the mortgagor and mortgagee, that the mortgagor was not even a party to the suit, that the sole questions at issue were, first, as to the validity of a chattel mortgage on a stock of merchandise when the mortgagor is allowed to remain in possession with a power of sale in the course of business, with a stipulation in the mortgage that it shall also be a lien on goods thereafter purchased to replace those that were sold, and second, as to the priority of liens as between the mortgagee who had taken possession of the goods and creditors of the mortgagor who had thereafter levied an attachment thereon, and that from the facts set forth in the opinion the question of good faith and probable cause or reasonable grounds for the belief of insecurity of mortgagee's claim upon which he acted in taking possession of the property was not raised and was not before the court in that case. Accordingly, what the court said on page 320 with reference to that question is in reality obiter dictum so far as the question of good faith, reasonable grounds and probable cause for belief as to insecurity, is concerned.

It may be further observed that while the Francisco case is a leading case on the above-mentioned two questions, which pertain only to the validity of the mortgage and the priority of liens, and which do not involve the question of good faith or reasonable grounds for belief by the mortgagee that his claim is insecure, and while the Barrett case has often been cited in support of the proposition that where something is agreed to be done to the satisfaction of a particular person, such person cannot act arbitrarily but must act in good faith as to not being satisfied, we have been unable to find any decision in which both of said cases have been cited.

After a careful consideration of said two cases and the two lines of decisions in other states, we hold the rule to be that where in a chattel mortgage, the mortgagor and mortgagee agree that the mortgagor shall have possession of the chattel so long as he performs his part of the contract unless the mortgagee deems it necessary to take possession of the chattel "for the more complete and perfect security of his claim," and before default in such performance by the mortgagor the mortgagee brings a replevin suit against the mortgagor to obtain possession of the chattel for his more complete and perfect security, his right to take possession does not depend upon whether it is actually necessary to do so for the protection of his claim or whether he has reasonable grounds for deeming it necessary, if he in good faith believes it to be necessary, if he is honest in his belief that it is necessary, he has a right to take possession, and in that event his motives in bringing the suit are unimportant. It is good faith in believing it necessary rather than good faith in bringing the suit, that is important. If the circumstances and facts within the knowledge of the mortgagee are such that a reasonable person would be justified in believing that the necessity existed then the fact that the mortgagee, in bringing the suit, was actuated by motives of malice, does not justify a finding that he did not act in good faith.

When a man has a right to bring an action, his motive in doing so, even though malicious, does not render the doing of it wrongful.

54 Oh St 73, Letts v Kessler.

70 Oh St 156, Lancaster v Hamburger.

2 C.C. (N.S.) 139, Reynolds v Cleveland.

1 O. Jur., "Actions," §23, pp. 330 and 333.

Under this holding we are unanimously of the opinion that the finding and judgment of the trial court that the right of possession and the right of property were at the time of the commencement of the action in the defendants, is manifestly against the weight of the evidence. Accordingly, the rendering of judgment against plaintiff for the value of the property and the assessing of damages against him for the use of the outfit is contrary to law.

It is further claimed by counsel for defendants that the covenant in the mortgage that "if the mortgagee shall at any time deem it necessary" he could take the property into his possession, is a personal covenant and not transferable.

We believe this question, under the provisions of the mortgage in question, has been settled in Ohio in the case of Robinson v Fitch, 26 Oh St 659. For holdings in other states to the same effect, see 2 Jones on Chattel Mortgages (6th ed. by Bowers), §501, et seq., and authorities cited in notes.

The judgment is therefore reversed because the finding of the trial court is

against the manifest weight of the evidence and the judgment is contrary to law, and the cause remanded for further proceedings according to law.

STEVENS and WASHBURN, JJ, concur in judgment.